IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>          v.<br><br>FREDDY L. FERNANDEZ,<br><br>Defendant. | CRIMINAL NO. 07-103 (ADC) |

**REPORT AND RECOMMENDATION**

Defendant Freddy L. Fernández was charged in a one count Information wherein "on or about December 5, 2006, in Carolina, in the District of Puerto Rico and within the jurisdiction fo this court, the defendant herein, was knowingly and willfully about to transport monetary instruments in excess of ten thousand dollars($10,000.00) at one time, that is, twenty-seven thousand one hundred dollars ($27,100.00) in the United States currency, from the Dominican Republic, a place outside the United States, to Carolina, Puerto Rico, a place within the United States, and in doing so, defendant did not first file a report of said currency as prescribed by the Secretary of the Treasury. All in violation of title 31, United States Code, Sections 5316(a)(1)(A) and 5322.

Defendant appeared before this Magistrate Judge on March 9, 2007, since the Rule 11 hearing was referred by the court. Defendant was provided with the Waiver of Indictment and a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Information, upon being advised of his right to have said proceedings before a district judge of

United States v. Freddy L. Fernández
Criminal No. 07-103 (ADC)
Report and Recommendation
Page No. 2

this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One of the Information, he was examined and verified as being correct that: he had consulted with his counsel, Lydia Lizarribar-Buxó, Esq., prior to the hearing to enter a plea of guilty, that he was satisfied with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the hearing to enter the plea, the consent to proceed before a United States Magistrate Judge, the content of the Information and Waiver of Indictment, and charges therein, his constitutional rights, and the consequences of the waiver of same.

Defendant was specifically appraised by this Magistrate Judge that, by entering a plea of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Lizarribar-Buxó, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offense as to which he was pleading guilty, including the term of imprisonment of not more than five (5) years, a fine not to exceed two hundred and fifty thousand ($250,000.00) dollars, and a term of supervised release of not more than three (3) years, in addition to a special assessment of one hundred dollars ($100.00), per count, as required by Title 18, United States Code, Section 3013(a).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered

United States v. Freddy L. Fernández
Criminal No. 07-103 (ADC)
Report and Recommendation
Page No. 4

any reward or any other thing of value to get him to plead guilty, the document entitled "Plea and Forfeiture Agreement" (the Agreement) was shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement appears on paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. The parties have agreed that the Base Offense Level is of six (6), pursuant to U.S.S.G. § 2S1.3(a)(2). Pursuant to U.S.S.G. § 2B1.1, an increase of four (4) levels is warranted due to the table corresponding to the value of the funds (more than $10,000.00). Pursuant to U.S.S.G. § 3E1.1(a), a two (2) level reduction for acceptance of responsibility is warranted, for a Total Offense Level of eight (8), with a sentencing range of cero (0) to six (6) months of imprisonment assuming a Criminal History Category of I. The parties make no stipulation as to defendant's Criminal History Category.

Pursuant to paragraph eight (8) of the Agreement, the parties agree to recommend that the defendant be sentenced to a term of one (1) year probation. Such recommendation is made

United States v. Freddy L. Fernández
Criminal No. 07-103 (ADC)
Report and Recommendation
Page No. 5

pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3553(a).  The defendant agrees that this sentence is reasonable pursuant to Title 18, United States Code, Section 3553(a).

Pursuant to paragraph nine (9) of the Agreement, the United States and the defendant agree that no further adjustments or departures to the defendant's base offense level shall be sought by the parties.  The parties agree that any request by the defendant for an adjustment, departure, or a lower sentence will be considered a material breach of this Plea Agreement and the United States will be able to request the withdrawal of the Plea Agreement.

Pursuant to paragraph eleven (11) of the Agreement, upon defendant's arrest on December 5, 2006, the unreported currency, that is, twenty-seven thousand one hundred ($27,100.00), was seized by the United States Customs Service.

As stated in paragraph twelve (12) of the Agreement, defendant agrees further as follows:

a. To forfeit to the United States and to relinquish all rights, title and interest defendant may have in the amount of twenty-seven thousand one hundred dollars ($27,100.00) in United States Currency.  In doing so defendant agrees that Customs and Border Protection (CBP) had probable cause to seize the property.

b. In agreeing to the forfeiture of the amount stated above, defendant acknowledges that such forfeiture in not grossly disproportional to the gravity of the offense conduct to which defendant is pleading guilty.[2]

---

[2] Hereby, the defendant acknowledges being aware of the dictates of United States v. Bajarkian, 118 S.Ct. 2028 (1998), where the Supreme Court decided that the forfeiture of currency for a violation of 31 USC § 3516 is punishment and thus constitutes a "fine" within the meaning of the Excessive Fines Clause.

      c.      Defendant understands that upon the signature of this Plea Agreement all rights and interests in the money described subparagraph (a) above, shall be vested in the United States and defendant will have waived any judicial or administrative claims that defendant may have regarding the forfeiture of said money, including any claim of double jeopardy. The defendant agrees to sign any additional documents that defendant may be required to sign in order to complete the forfeiture proceedings regarding the forfeiture of the above-described money.

      d.      In light of the above, the defendant agrees to withdraw his request for judicial forfeiture proceedings received by CBP on December 26, 2006.

As part of the written Agreement, the government, the defendant, and his counsel also agreed that they were aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Defendant was specifically informed that the above sentencing calculations were not binding for the sentencing court, but were only estimates of possible terms of his sentence, which may always be imposed, at the sole discretion of the court, up to the maximum penalties allowed by statute, and dependent upon the information and verification thereof of the pre-sentence report that the court would have before it at the time of imposition of the sentence.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two.

<u>United States v. Freddy L. Fernández</u>
Criminal No. 07-103 (ADC)
Report and Recommendation
Page No. 7

Defendant was able to understand this explanation and agreed with the government's submission. Defendant was also read and shown a written document entitled Government's Version of Facts, which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that normally prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Nonetheless, defense counsel indicated his client was waiving the Presentence Report in this case in order to be expeditiously sentenced. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[3]

---

[3] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph thirteen (13) a waiver of appeal.

As stated in paragraph twenty one (21) of the Agreement, defendant understands and agrees that if the defendant breaches the plea agreement, the defendant may be prosecuted and sentenced for all of the offenses the defendant may have committed. The defendant agrees that if the defendant breaches this plea agreement, the Government reserves the right to take whatever steps are necessary to nullify the plea agreement, including the filing of a motion to withdraw from the plea agreement and/or to set aside the conviction and sentence. The defendant also agrees that if he is in breach of this plea agreement, the defendant is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted. The defendant further agrees that if he is in breach of this agreement, the defendant is deemed to have also waived objection to the filing of any additional charges against him.

Defendant was read in open court and shown the Information, provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One of the Information was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Information in Criminal No. 07–103 (ADC).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such

United States v. Freddy L. Fernández
Criminal No. 07-103 (ADC)
Report and Recommendation
Page No. 9

a plea, is recommending that a plea of guilty be entered as to Count One of the Information in Criminal No. 07–103 (ADC).

**IT IS SO RECOMMENDED.**

The parties will be informed as to the date sentence will be scheduled before Hon. Aida Delgado-Colón, District Court Judge.

San Juan, Puerto Rico, this 12th day of March of 2007.

                                              s/ CAMILLE L. VELEZ-RIVE
                                              CAMILLE L. VELEZ-RIVE
                                              UNITED STATES MAGISTRATE JUDGE